1  LESLIE HOLMES, SBN 192608
   HOGAN HOLMES & USOZ LLP
2  333 West Santa Clara Street, Suite 800
   San Jose, California 95113
3  Telephone: (408) 292-7[...]

4  Attorneys for Plaintiff
   PAUL CONNES

FILED

2008 JAN 28 P 1: 07

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

ADR

PVT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL CONNES, an individual;

    Plaintiff,

v.

STATE OF CALIFORNIA - CALIFORNIA HIGHWAY PATROL; OFFICER T. CLARK, an individual; OFFICER S. ADDLEMAN, and individual;

    Defendants.

Case No. C 08 00663

COMPLAINT FOR DAMAGES

JURY DEMANDED

Plaintiff PAUL CONNES alleges as follows:

1.    Plaintiff Paul Connes ("Plaintiff" or "Connes") is, and at all times herein mentioned was, an individual residing in the County of Santa Clara, State of California and employed as a courier with a route between San Jose, California and the Salinas Valley, California. Connes travels on U.S. Highway 101 in order for him to perform his job.

2.    Plaintiff is informed and believes and on that basis alleges that Defendant, State of California - California Highway Patrol ("CHP") is, and at all times relevant herein, a public entity, and employer of Clark and Addleman.

////

////

COMPLAINT FOR DAMAGES
Case No.

3. Plaintiff is informed and believes and on that basis alleges that Defendant Officer T. Clark ("Clark") is, and at all times relevant herein was, an individual, employed by Defendant CHP, acting within the course and scope of his employment.

4. Plaintiff is informed and believes and on that basis alleges that Defendant Officer S. Addleman ("Addleman") is, and at all times relevant herein was, an individual, employed by Defendant CHP, and acting within the course and scope of her employment.

5. At the times that the acts of which Connes complains, Clark and Addleman were acting under color of their official capacity as officers of the CHP and as persons for purposes of Section 1983 and their acts complained of were performed under color of state law.

6. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, unless otherwise stated, each defendant was the agent and/or employer of every other defendant, and in doing the things, acts and omissions alleged below, was acting within the scope and authority of such agency and/or employment. All actions of each defendant alleged herein were ratified and approved by the officers, supervisors and/or managing agents of each of the other defendants.

## JURISDICTION

7. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1345 and 1367(a) and any applicable pendent state law claims as this matter is filed to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 1985 and 1988, and arising under law and statutes of the State of California.

## VENUE

8. Venue is proper in this District in that the actions complained of herein caused damage to Connes and certain acts that give rise to the claims asserted herein arose or occurred in this District.

////

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. All actions complained of or alleged herein occurred in the County of Santa Clara, State of California.

10. Connes had complied with the claim requirements mandated by the California Government Code provisions or is in the process of complying with said provisions.

11. Over the last few years, Connes, as part of his job duties as a courier, traveled on U.S. Highway 101, from San Jose down to the Salinas Valley. Connes travels this roadway approximately four (4) nights a week and travels through this area at the same time each of the evenings he is working. During this period of time, Connes has been stopped by various members of the CHP, including Clark and Addleman. Connes has been stopped twice by Clark who required Connes to answer questions and perform field sobriety tests.

12. Connes has also been stopped during this period of time by Addleman, who indicated that she was office duty, yet still wrote Connes up so that he would need to be re-examined by the Department of Motor Vehicles. In the Notice of Priority Re-Examination of Driver, Addleman advised that she had observed Connes stradling the Nos. 1 and 2 lanes and that she had observed Connes on other occasions doing the same.

13. That on January 28, 2007, Connes driving his normal route on southbound Highway 101 in Gilroy, California, at approximately 9:00 p.m., was again pulled over by a member of the CHP, without any probable cause that a crime was being committed. This time, Connes was interrogated and detained regarding his intake of any substance, required to perform field sobriety tests on the side of the road, transported to the local CHP station, where he was further interrogated, retained and required to perform field sobriety tests, arrested and taken to the Hall of Justice on the basis of violations of Vehicle Code Sections 23152(A) and Health and Safety Code Section 11550(A). The arresting officer was Clark.

14. During the time that Connes was being held, blood was drawn and later tested. Connes was held and not released from custody until the next day, January 29, 2007, and after Connes signed a Notice to Appear.

15. The laboratory results from the blood drawn shows 0.0% relating to alcohol and no detection for cocaine, meth, opiates and pcp.

16. As a result of being detained, held and arrested, Connes was required to and did appear, with counsel, at Court on March 20, 2007. Further as a result of being detained, held and arrested, Connes' employer placed him on administrative leave pending results of the testing and the arrest.

## COUNT I

### Violation of Civil Rights - 42 U.S.C. § 1983

17. Plaintiff incorporates paragraphs 1 through 16 of this complaint as though set forth in full herein.

18. At all times mentioned herein, defendants, and each of them, in their capacity as officers of the CHP, and without provocation and legal cause, stopped, interrogated and detained Connes, subjected him to unwarranted search and seizure, and later arrested and imprisoned him in deprivation of his constitutional rights, privileges and immunities.

19. On or about January 28, 2007, Connes was placed into a vehicle owned, operated and maintained by defendant CHP, transported to the local CHP station where he was again subjected to interrogation and detainment. Connes was then arrested and blood was drawn. From the local CHP station, Connes was again placed into a vehicle owned, operated and maintained by the CHP were he was transported to the Hall of Justice in San Jose, where he was imprisoned and deprived of his freedom until released on January 29, 2007.

20. Plaintiff is informed and believes and on that basis alleges that over the years prior to the January 28, 2007 detention and subsequent arrest, defendants, and each of them, through a pattern and practice of activity, have singled him out, while acting under the color of the authority granted to them by the State of California, for the purpose of harassment and that on January 28, 2007, it culminated into such detention, arrest, imprisonment and deprivation of his freedom.

////

COMPLAINT FOR DAMAGES
Case No.                                              4

21. Plaintiff is informed and believes and on that basis alleges that such activities undertaken by defendants is an impermissible restraint on Connes' rights and an excessive use of police power for an improper purpose. Each of these acts violated Connes' civil rights as provided by the Constitution of the State of California, the Constitution of the United States as applied to the States by the Fourteenth Amendment and 42 U.S.C. § 1983.

22. Plaintiff requests compensatory damages to be proven at the time of trial, injunctive relief, and attorneys' fees as allowed by statute. Plaintiff is informed and believes and on that basis alleges that defendants, and each of them, acted maliciously and oppressively, engaging in despicable conduct with a willful and conscious disregard to the rights and safety of Connes. In addition, defendants, and each of them, engaged in despicable conduct that subjected Connes to cruel and unjust hardship in conscious disregard of Connes' civil rights. Plaintiff is therefore entitled to exemplary damages in an amount to be proven by trial.

## COUNT II

### False Arrest and Imprisonment

23. Plaintiff incorporates paragraphs 1 through 22 of this complaint as though set forth in full herein.

24. On January 28, 2007, Connes was seized and arrested for violations of Vehicle Code Section 23152(A) and Health and Safety Code Section 11550(A), maliciously and without warrant or order of commitment or any other legal authority of any kind, when Connes had not committed any such offense nor did defendants have any probable cause to believe that such offenses had occurred.

25. Connes was transported to the Hall of Justice where he was held and imprisoned until January 29, 2007.

26. As a proximate result of the acts of defendants alleged herein, Plaintiff requests compensatory damages to be proven at the time of trial for the incurred attorneys' fees, lost time from work, loss to his reputation, pain and suffering. Plaintiff is informed and believes and on that basis alleges that defendants, and each of them, acted maliciously and oppressively, engaging

in despicable conduct with a willful and conscious disregard to the rights and safety of Connes. In addition, defendants, and each of them, engaged in despicable conduct that subjected Connes to cruel and unjust hardship in conscious disregard of Connes' civil rights. Plaintiff is therefore entitled to exemplary damages in an amount to be proven by trial.

### COUNT III

### Negligent Infliction Of Emotional Distress

27. Plaintiff incorporates paragraphs 1 through 26 of this complaint as though set forth in full herein.

28. At all times herein mentioned, up to and including January 28, 2007, defendants, and each of them, so negligently and carelessly performed their duties such that Connes was stopped, held, detained, arrested and imprisoned.

29. As a proximate result of this negligence and carelessness of defendants, and each of them, Connes suffered serious mental anguish and emotional distress, and loss to his reputation and credibility.

30. Plaintiff requests compensatory damages to be proven at the time of trial for the incurred attorneys' fees, lost time from work, loss to his reputation, pain and suffering.

### COUNT IV

### Intentional Infliction of Emotional Distress

31. Plaintiff incorporates paragraphs 1 through 30 of this complaint as though set forth in full herein.

32. At all times herein mentioned, up to and including January 28, 2007, defendants and each of them, stopped, detained, held, arrested and imprisoned Connes without probable cause.

33. Plaintiff is informed and believes and on that basis alleges that defendants, and each of them, knowingly and with full conscious disregard of the effects of their conduct did stop, detain, hold, arrest and imprison Connes.

////

COMPLAINT FOR DAMAGES
Case No.                                6

34. Defendants, and each of them, knew that these acts were neither proper nor legal and that the reason these types of acts are prohibited is that they are likely to cause injury and damage to a person's reputation, as well as cause undue and inappropriate embarrassment and humiliation. With a conscious and reckless disregard for the likelihood that Plaintiff would suffer severe emotional pain and distress, defendants, and each of them, acted as herein alleged.

35. As a proximate result of the acts of the defendants, and each of them, Plaintiff suffered severe emotional distress including the fear of the police, humiliation at having been falsely arrested and imprisoned, and loss of income as a result of being placed on administrative leave by his employer.

36. Defendants' conduct was done with conscious disregard for the rights and safety of others. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by proof at the time of trial.

## COUNT V

### Injunctive Relief Finding Of Factual Innocence

37. Plaintiff incorporates paragraphs 1 through 36 of this Complaint as though set forth in full herein.

38. Connes asks this Court to make a finding of factual innocence to the charges alleged by Defendants. Said Finding Of Factual Innocence is allowed by the California Penal Code Section 851.8. Connes further asks this Court to order that all records of the arrest of Connes be destroyed.

### PRAYER

1. General damages according to proof;
2. Special damages according to proof;
3. Exemplary damages according to proof;
4. Attorneys' fees as allowed by statute;
5. A finding of factual innocence and an order destroying all records of the arrest of Connes;

6. Costs of suit; and

7. Such other damages and relief as this Court may deem just and proper.

Dated: 1/24/08

HOGAN HOLMES & USOZ LLP

*[signature]*

LESLIE HOLMES

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand trial by jury.

Dated: 1/24/08

HOGAN HOLMES & USOZ LLP

*[signature]*

LESLIE HOLMES

Attorneys for Plaintiff