1  LESLIE HOLMES, SBN 192608
   HOGAN HOLMES & USOZ LLP
2  333 West Santa Clara Street, Suite 800
   San Jose, California 95113
3  Telephone: (408) 292-7600

4  Attorneys for Plaintiff
   PAUL CONNES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL CONNES, | Case No. C08-00663 PVT |
| Plaintiff, | PLAINTIFF PAUL CONNES' CASE MANAGEMENT STATEMENT |
| v. | |
| STATE OF CALIFORNIA - CALIFORNIA HIGHWAY PATROL; OFFICER T. CLARK, an individual; OFFICER S. ADDLEMAN, an individual; | Date: June 3, 2008<br>Time: 2:00 p.m.<br>Honorable Patricia V. Trumbull |
| Defendants. | |

Plaintiff, Paul Connes, does hereby submit this as his Case Management Statement with regard to the above-captioned matter.

JURISDICTION AND SERVICE

Plaintiff filed this action on January 28, 2008, in order to protect any statute of limitation which may have existed. The action stems from behavior demonstrated by Officer T. Clark and Officer S. Addleman which he believes violated his rights under 42 U.S.C. § 1983 and amounted to false arrest and imprisonment, along with associated state claims.

The action is currently out for service on the two individually named defendants. With regard to the State of California, Plaintiff received notice that the State was denying Plaintiff's late claim application and Plaintiff intends to seek relief from the California Government Code requirements.

FACTUAL DISPUTES

Plaintiff alleges that he has been the subject to false arrest and imprisonment as a result of being pulled over various times by the named individual defendants and wrongfully detained. In January, 2007, Plaintiff was arrested for supposed violations of the penal and health and safety codes of the State of California. The District Attorneys' office declined to charge defendant based upon the toxicology report that was obtained incident to his arrest. Plaintiff alleges that the actions by defendants violated his civil rights, subjected him to false arrest and imprisonment, were negligent and/or intentional to cause his distress. Plaintiff also seeks a finding of factual innocence based upon the aforementioned factors.

Plaintiff does not know defendants' position with regard to plaintiff's factual assertions as of this date.

LEGAL ISSUES

Although Defendants have not answered the allegations of the complaint, Plaintiff believes that the key legal issues in dispute are as follows:

1. Did Defendants' actions violate Plaintiff's civil rights pursuant to 42 U.S.C. § 1983;

2. Did Defendants' actions amount to false arrest and imprisonment;

3. Did Defendants' actions lead to emotional distress;

4. Is Plaintiff entitled to a finding of factual innocence.

MOTIONS

As indicated above, Plaintiff intends to file his motion for relief from the Government Claim requires based upon the communication he received from the State of California. Other than this motion, Plaintiff does not know what, if any, other motions will be filed.

AMENDMENT TO THE PLEADINGS

At this time, Plaintiff is not aware of any need to amend the pleadings.

EVIDENCE PRESERVATION

Plaintiff is not aware of concern relating to any evidence which may need to be presented in this matter.

1 | DISCLOSURES

2 |     Plaintiff intends to provide his initial disclosures within thirty (30) days after the matter is
3 | at-issue.

4 | DISCOVERY

5 |     Plaintiff intends to propound the following discovery:

6 |     Interrogatories                               35

7 |     Document Production                Unlimited so long as narrowly tailored

8 |     Request for Admissions             10

9 |     Depositions                                    4 per side

10 |     Plaintiff does not know what discovery defendant intends to propound at this time.

11 | CLASS ACTION

12 |     This is not a class action.

13 | RELATED CASES

14 |     Plaintiff does not know of any related case.

15 | RELIEF

16 |     Plaintiff seeks compensatory damages as a result of the actions undertaken by defendants,
17 | exemplary damages, attorneys' fees allowed by statute and a finding of factual innocence and an
18 | order destroying all records of the arrest.

19 | SETTLEMENT AND ADR

20 |     Plaintiff is amenable to be referred to the mediation program of the Court.

21 | CONSENT TO A MAGISTRATE JUDGE

22 |     Plaintiff consents to the use of a magistrate judge for all proceedings, including trial.

23 | OTHER REFERENCES

24 |     Plaintiff does not believe that any other reference is necessary for this matter.

25 | NARROWING OF ISSUES

26 |     Plaintiff does not know, at this time, any issues which may be narrowed by agreement or
27 | motion.

28 | ////

SCHEDULING

Plaintiff believes that it would be appropriate for the Court to schedule a further Case Management Conference in sixty (60) days, or August 12, 2008, for the matter to be at issue, for a determination by the Court on the motion for relief from the Government Code requirements. Plaintiff believes that at that time, the following schedule would be appropriate for consideration:

| | |
|---|---|
| Discovery Cut-Off | November 28, 2008 |
| Expert Witness Disclosure | January 2, 2009 |
| Rebuttal Witness Disclosure | January 23, 2009 |
| Expert Witness Discovery Cut-Off | February 20, 2009 |
| Hearing on Dispositive Motions | March 20, 2009 |
| PreTrial Conference | April 10, 2009 |
| Trial | April 20, 2009 |

TRIAL

Plaintiff has demanded a jury trial as to the first four counts. The remaining count is a declaratory action and should be determined by the Court.

DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff is not aware of any disclosure that will need to be made pursuant to Local Rule 3-16.

Dated: May 18, 2008                         HOGAN HOLMES & USOZ LLP


_____s/_____
LESLIE HOLMES