1  LESLIE HOLMES, SBN 192608
   HOGAN HOLMES & USOZ LLP
2  333 West Santa Clara Street, Suite 800
   San Jose, California 95113
3  Telephone: (408) 292-7600

4  Attorneys for Plaintiff
   PAUL CONNES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CONNES, an individual;<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, DIVISION OF THE CALIFORNIA HIGHWAY PATROL; OFFICER T. CLARK, an individual; OFFICER S. ADDLEMAN, and individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C - 08-00663 PVT<br><br>NOTICE OF PETITION AND PETITION FOR LEAVE TO PROCEED AGAINST STATE OF CALIFORNIA, DIVISION OF THE CALIFORNIA HIGHWAY PATROL<br><br>Cal. Govt. Code § 946.6<br><br>Date: September 30, 2008<br>Time: 10:00 a.m.<br>Honorable Patricia V. Trumbull |

TO EACH DEFENDANT AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 30, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Patricia V. Trumbull, Plaintiff Paul Connes ("Connes") will and hereby does petition this Court for an order granting relief to proceed with his action against the State of California.

This petition is brought pursuant to Local Rules and California Government Code Section 946.6, *et seq.*

1          This petition is based upon this notice, the accompanying petition, memorandum of points and authorities and declaration of Leslie Holmes, and any further evidence and argument that the Court may receive at or before the hearing.

Dated: August 22, 2008                                    HOGAN HOLMES & USOZ LLP

                                                          s/_____
                                                          LESLIE HOLMES

                                                          Attorneys for Plaintiff
                                                          PAUL CONNES

## PETITION FOR RELIEF

Plaintiff/Petitioner Paul Connes ("Connes") requests an order granting leave to proceed with his action against the State of California, Division of the California Highway Patrol, and alleges as follows:

1.     Connes has a claim against respondent arising out of the following facts: Connes has repeatedly been stopped by members of the California Highway Patrol ("CHP") while he is driving on U.S. Highway 101. Connes, at that times at issue, was a driver for a courier service and his route was from San Jose, California to the Salinas Valley, California. Connes drove this roadway approximately four (4) nights a week and traveled through the area at the same time each of the evenings he worked. Connes was stopped twice by Office T. Clark who required Connes to answer questions and perform field sobriety tests. Connes was also stopped by Officer S. Addleman, who was off duty, who required Connes to be re-examined by the Department of Motor Vehicles.

On January 28, 2007, Connes was traveling on the above-described route. At approximately 9:00 p.m., Claimant was again pulled over by a member of the CHP. This time Connes was questioned regarding his intake of any substance, required to perform field sobriety tests on the side of the road, transported to the local CHP station, where he was again questioned and required to perform field sobriety tests, arrested and taken to the Hall of Justice of Santa

Clara County on the basis of violations of Vehicle Code Section 23152(A) and Health and Safety Code Section 11550(A). Blood was drawn and tested while Connes was held. Connes was released from custody on January 29, 2007. The lab results from the blood draw shows 0.0% relating to alcohol and no detection of cocaine, meth, opiates and pcp. The District Attorney's Office has not brought charges against Connes and had advised that it does not intend to do so.

2. Connes prepared and mailed to the Victim Compensation and Government Claim Board his claim on July 23, 2007. At the time that it was sent Connes provided the requisite fee but did not include the now mandatory form for the claim, in addition, the envelope was rerouted. As a result, it was returned to counsel's office, where it was mistakenly placed in the file. In November, 2007, it was discovered that the claim was returned and an application for permission to present a late claim, a copy of which is attached and incorporated herein, was presented on November 23, 2007.

3. Connes application for permission to file a late claim was denied by The Victim Compensation and Government Claims Board on February 29, 2008, which was received shortly thereafter by Connes' counsel. A copy of the denial is attached hereto as Exhibit B.

4. Connes' claim was not presented within the time provided for in California Government Code § 911.2 for the reasons set forth above and in the application for permission to file a late claim. Mainly, however, is that the claim was mailed in time to have it be presented prior to the running of any time period, however, due to attorney error in the mailing address for the claim it was rerouted and the mandatory form was not included with the type written claim. Once the returned claim was located, steps were undertaken to obtain permission to file the late claim.

5. An order permitting Connes to proceed with his action against the CHP will not result in any prejudice to the State. CHP knew of its actions, investigated the matters at issue, and made reports and files relating to the arrest of Connes. Connes is further informed and believes that no material evidence has been lost due to this delay.

1  Connes prays for an order relieving him of the requirements of Government Code Section
2  945.5 and granting him leave to proceed with this action against the State of California.

## MEMORANDUM OF POINTS AND AUTHORITIES

California Government Code Section 946.6 provides that in the event "an application for leave to present a claim is denied . . . a petition may be made to the court for an order relieving the petitioner from Section 945.4."

The petition for requesting such relief must provide that an application was made under California Government Code Section 911.4 which was denied, information as to why the claim was not timely made and all information relating to the contents of the claim.

In this case, the application to file a late claim was presented on November 23, 2007, and denied by the Board in February 29, 2008. All information necessary to present the late claim was made in the application.

The Court shall relieve a petitioner from the requirements of Section 945.4, if the Court finds that the application to present the late claim was made within a reasonable time, was denied and the failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect.

Here, the original claim was prepared and forwarded, along with the requisite fee, to the Victims Compensation and Government Claims Board within enough time for it to have been timely received. However, the claim was mailed to the wrong address (the Claim stated the correct P.O. Box but the wrong street address and the envelope only stated the street address) and rerouted by the post office. In addition, when Victims Compensation received the claim, the mandatory form for the claim was not included and the documentation was returned to Connes. By the time that the document was returned by the State, it was too late to file a timely claim.

Efforts to timely submit a claim were made and the error as to the wrong address is something that even a reasonably prudent person would make. Excusable neglect, as a ground for relief under Government Code Section 946.6, is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances. *Garcia v. Los*

1  *Angeles Unified School Dist.* (1985, 2nd Dist.) 173 Cal.App.3d 701.  The showing required of a
2  petitioner seeking relief from the Government Claims requirements on the grounds of mistake,
3  inadvertence, surprise, or excusable neglect is the same as the showing required under California
4  Code of Civil Procedure Section 473.  *Ccle v. City of Los Angeles* (1986, 2nd Dist.) 187
5  Cal.App.3d 1369.

6        Connes and his counsel's made efforts to timely submit the claim.  It is the excusable
7  neglect and mistake of counsel in not including the preprinted form and utilizing just the street
8  address on the envelope which prevented the claim to be timely made.  Generally, it is the
9  neglectful conduct of counsel or counsel's staff, imputed to the plaintiff, which is determined to
10 be excusable and the neglectful conduct is deemed relatively minor.  In deciding whether
11 counsel's error is excusable, the reviewing court looks to the nature of the mistake or neglect and
12 whether counsel was otherwise diligent in investing and pursuing the claim.  *Munoz v. State of*
13 *California* (1995, 5th Dist.) 33 Cal.App.4th 1767.  Here, counsel's error is what made the claim
14 untimely.

15 Dated: August 22, 2008                                    HOGAN HOLMES & USOZ LLP
16
17                                                          s/_____
                                                            LESLIE HOLMES
18
                                                            Attorneys for Plaintiff
19                                                          PAUL CONNES

20                           DECLARATION OF LESLIE HOLMES

21       I, Leslie Holmes, declare:

22       1.      I am an attorney duly licensed to practice before all Courts of the State of
23 California, the Northern District of California and the Ninth District of California.  I am a
24 partner of Hogan Holmes & Usoz LLP, counsel for plaintiff/petitioner herein.  I make this
25 declaration based upon my own personal knowledge and upon information and belief, and as to
26 those matters, I believe them to be true.  If called as a witness, I could competently testify as to
27 the matters set forth herein.

28

2. In mid-July, 2007, I prepared a Claim for Damages ("Claim") on behalf of Paul Connes. At that time, I was a consultant to Mr. Connes with regard to the actions undertaken by the California Highway Patrol as alleged in the claim and complaint on file herein. Mr. Connes came to my office on July 20, 2007, to sign the Claim. On July 21, 2007, a Saturday, I came into my office to prepare the Claim and other unrelated matters to be processed as I was leaving on vacation at the end of the week and was scheduled to be out of my office until August 24, 2007. With regard to the Claim, I prepared a check to cover the fee associated with the presentation of the Claim along with a cover letter to be mailed on July 23, 2007. On July 23, 2007, the Claim, check and letter was mailed to the Victim Compensation and Government Claims Board ("Board"). Apparently due to the fact that I did not include the Post Office Box on the envelope, although it is included in the Claim, the envelope was rerouted on July 26, 2007 by the Post Office, from 630 K Street to the address of 400 R Street, Suite 400. It was received by the mailroom of the State on July 30, 2007, after the claim date.

3. At some time during the month of August, the Claim was returned by the State to my office because the pre-printed claim form was not accompanying the typed Claim. As indicated above, I was on holiday and was not aware that the Claim was returned.

4. In mid-November, 2007, I was reviewing the file for purposes of taking the next steps when I discovered the returned documents. I immediately prepared an Application for Permission to Present Late Claim ("Application", a copy of which is attached hereto as Exhibit A. The Application was received by the Board on November 23, 2007. At the hearing of February 21, 2008, the Application was denied by the Board. In a letter dated February 29, 2008, and received by my office on March 5, 2008, the Board notified me of the denial of the Application.

5. The Complaint was filed in January, 2008, in order to protect any statute of limitations that may be relevant to the claims of Connes set forth therein. The Complaint has been served upon the two offending Officers who were known to Connes. The Complaint has not been served upon the State of California but will be along with this Petition. Plaintiff was

1  awaiting for confirmation of the service upon the two Officers so that Plaintiff would have
2  contact information for the individual at the Attorney General's Office who would be handling
3  the case.  Plaintiff has confirmed that a Jennifer C. Addams is the Deputy Attorney General
4  acting on behalf of the two Officers and the requisite documents are out for service upon her on
5  behalf of the State.
6       I declare under penalty of perjury under the laws of the United States and State of
7  California that the foregoing is true and correct.  Executed this 22nd day of August, 2008, at San
8  Jose, California.

10            _s/_____
           LESLIE HOLMES

**EXHIBIT A**

1  LESLIE HOLMES, SBN 192608
   HOGAN HOLMES & USOZ LLP
2  333 West Santa Clara Street, Suite 800
   San Jose, California 95113
3  Telephone: (408) 292-7600

4  Attorneys for Claimant
   PAUL CONNES

11 IN THE MATTER OF THE CLAIM OF  )
   PAUL CONNES                     )
12                                 )
   against                         )
13                                 )           APPLICATION FOR PERMISSION TO
   STATE OF CALIFORNIA, CALIFORNIA )           PRESENT LATE CLAIM
14 HIGHWAY PATROL; OFFICER T.      )           (Government Code Section 911.4)
   CLARK; OFFICER S. ADDLEMAN      )
15                                 )

17 TO:   STATE OF CALIFORNIA - CALIFORNIA VICTIM COMPENSATION AND
        GOVERNMENT CLAIMS BOARD

19     Paul Connes hereby applies to the California Victim Compensation and Government
20 Claim Board for permission to present the claim attached to this application against the State of
21 California, California Highway Patrol, Officer T. Clark and Officer S. Addlemen.
22     As stated in the claim, Mr. Connes cause of action accrued on January 28, 2007.
23 Accordingly, the time for presentation of the claim expired on July 28, 2007. The claim was not
24 presented within the time provided in Government Code Section 911.2 because at the time the
25 claim was original prepared it was forwarded to the California Victim Compensation and
26 Government Claims Board, a copy of the typewritten claim is attached. As it can be seen by the
27 enclosed claim and copy of the envelope, the claim prepared was not done on the pre-printed

APPLICATION FOR PERMISSION
TO PRESENT LATE CLAIM

1  claim form and the address included the 630 K Street address, which caused the claim to be
2  rerouted by the post office, finding its way into the mailroom on July 30, 2007. The Board then
3  cashed the check and returned the proposed claim. However, when it was returned, counsel was
4  on holiday, and the documentation was placed in the file. It was only recently discovered the
5  claim was not processed by the State.
6      The delay in filing the claim will not prejudice the State. The agency involved, California
7  Highway Patrol and its employees, are aware of alleged incident, reports were written by the
8  agency pertaining to the incident giving rise to the claim. Furthermore, testing which was
9  performed on claimants blood have been memorialized. I am informed and believe, and on that
10 basis state, that no material evidence has been lost due to this delay.
11     I declare under penalty of perjury under the laws of the State of California that the
12 foregoing is true and correct.

14 Dated: 11/30/07

                                       Leslie Holmes
                                       Attorneys for Claimant

APPLICATION FOR PERMISSION
TO PRESENT LATE CLAIM         2

HOGAN HOLMES & USOZ LLP
333 WEST SANTA CLARA STREET
SUITE 800
SAN JOSE, CALIFORNIA 95113

1710 U.S. POSTAGE    PB5558050
00.58  JUL 23 2007
1653 MAILED FROM ZIP CODE  95113

RECEIVED
Victim Compensation Board
JUL 30 2007
MAILROOM

California Victim Compensation and
Government Claims Board
630 K Street

VICT630   958143552 1107 82 07/26/07
NOTIFY SENDER OF NEW ADDRESS
1VICTIM COMP AND GOVT CLAIM
400 R ST STE 400
SACRAMENTO CA 95811-6233

**HOGAN HOLMES & USOZ LLP**
PH 408-292-7600
333 W SANTA CLARA STREET STE 800
SAN JOSE, CA 95113

4507
90-78/1211

DATE 7-21-07

PAY TO THE ORDER OF California Victim Compensation    $ 25.00

Twenty five only    DOLLARS

BANK OF THE WEST
Civic Center Office
690 NORTH FIRST ST.
SAN JOSE, CA 95112
1-408-947-5030

FOR Paul Connes claim

Signature: S Holmes

⑃004507⑃  ⑉121100782⑉  010090019⑃    ⑃000000 2500⑃

|   |   |   |
|---|---|---|
| PAUL CONNES, | ) | CLAIM FOR DAMAGES |
| Claimant. | ) | |

TO:   California Victim Compensation and Government Claims Board
      Post Office Box 3035
      630 K Street
      Sacramento, California 95812-3035

Claimant Paul Connes presents his claim for damages pursuant to the Government Code as follows:

NAME AND ADDRESS OF CLAIMANT:

Paul Connes
365 Chateau La Salle Drive
San Jose, California 95111

ADDRESS OF COUNSEL TO WHOM NOTICES ARE TO BE SENT:

None at this time.

DATE, PLACE AND CIRCUMSTANCES OF THE OCCURRENCE:

Claimant has repeatedly been stopped by members of the California Highway Patrol ("CHP") while he is driving on U.S. Highway 101. Claimant is a driver for a courier service and his route is from San Jose, California to the Salinas Valley, California. Claimant drives this

CLAIM FOR DAMAGES

1  roadway approximately four (4) nights a week and travels through this area at the same time each
2  of the evenings he is working. Claimant was twice stopped by Officer T. Clark who required
3  Claimant to answer questions and perform field sobriety tests. Claimant was also stopped by
4  Officer S. Addleman, who was off duty, who required Claimant to be re-examined by the
5  Department of Motor Vehicles. In the Notice of Priority Re-Examination of Drive, Officer
6  Addlemen advised that she had observed Claimant straddling the Nos. 1 and 2 lanes and that
7  she had observed Claimant on another occasion doing the same.
8       On January 28, 2007, Claimant was traveling southbound on Highway 101 in Gilroy,
9  California. At approximately 9:00 p.m., Claimant was again pulled over by a member of the
10 CHP. This time, Claimant was questioned regarding his intake of any substance, required to
11 perform field sobriety tests on the side of the road, transported to the local CHP station, where he
12 was again questioned and required to perform field sobriety tests, arrested and taken to the Hall
13 of Justice on the basis of violations of Vehicle Code Section 23152(A) and Health and Safety
14 Code Section 11550(A). Blood was drawn and tested while Claimant was being held. Claimant
15 was released from custody on January 29, 2007, after being held and Claimant's signing of a
16 Notice to Appear. The lab results from the blood drawn shows 0.0% relating to alcohol and no
17 detection for cocaine, meth, opiates, and pcp. The District Attorney has not brought charges
18 against Claimant and has advised Claimant that it does not intend to do so.
19      STATE AGENCY AND EMPLOYEES:
20      The agency is the California Highway Patrol and the known employees are Officer T.
21 Clark and Officer S. Addleman. There may be other individuals, the identities of whom are
22 unknown to Claimant, that have been involved in a pattern of unwarranted stops and
23 harassment.
24      DESCRIPTION OF INJURY OR DAMAGE TO DATE:
25      As a result of the continued harassment by members of the CHP and the arrest of January
26 28, 2007, Claimant was placed on administrative leave from his employment pending the
27 outcome of the toxicology results and criminal proceedings, causing financial issues and loss to his
28 CLAIM FOR DAMAGES

1 | reputation and credibility.
2 | REASON FOR LIABILITY:
3 | Claimant believes that the California Highway Patrol and its employees breached their
4 | ministerial duties and allowed the continued unwarranted stops of Claimant to be made, which
5 | resulted in an arrest of Claimant.
6 | AMOUNT OF CLAIM:
7 | As of this date, Claimant does not know the amount of all losses sustained by him as a
8 | result of the actions. Claimant does submit that his claim exceeds $25,000, the minimal
9 | jurisdictional limits of a Court. Claimant also seeks attorneys' fees pursuant to statute for the
10 | violation of his rights.

Dated: 7-20-07

*/s/ Paul Connes*
PAUL CONNES

CLAIM FOR DAMAGES

**EXHIBIT B**

 

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Leslie Holmes
Atty at Law
333 West Santa Clara St
Suite 800
San Jose, CA  95113

February 29, 2008

RE:   Claim G571558 for Paul Connes

Dear Leslie Holmes,

The Victim Compensation and Government Claims Board (VCGCB), at its hearing on February 21, 2008, denied your application to present a late claim.

If you have questions about this matter, please mention letter reference 124 and claim number G571558 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Laura Alarcòn,  Program Manager
Government Claims Program
Victim Compensation and Government Claims Board

cc:   D-8 Attorney Generals Office, Attn: Tort Claims Coordinator

                                  Warning
"If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code 945.4. (Claim presentation requirement). See Government Code Section 946.6. Such Petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied." You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

                            * * * * * * * * *

It is not necessary or proper to include the Victims Compensation and Government Claims Board  (Board) in your court action unless the Board was identified as a defendant in your original claim. Please consult Government Code section 955.4 regarding proper service of the summons.

Ltr 124 Board Late Claim Denial