EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:    (415) 703-5382
 Facsimile:    (415) 703-5480
 Email:  Jennifer.Addams@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL CONNES, an individual,** | Case No. C 08-00663-~~PVT~~ RMW |
| Plaintiff, | |
| v. | |
| **STATE OF CALIFORNIA-CALIFORNIA HIGHWAY PATROL; OFFICER T. CLARK, an individual; OFFICER S. ADDLEMAN, an individual,** | |
| Defendants. | |

**DEFENDANT STATE OF CALIFORNIA'S OPPOSITION TO PLAINTIFF PAUL CONNES' PETITION FOR RELIEF FROM GOVERNMENT TORT CLAIM REQUIREMENTS PURSUANT TO GOVERNMENT CODE SECTION 946.6**

Date:   To be determined
Time:
Courtroom 6
The Honorable Ronald M. Whyte

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | STANDARD OF REVIEW | 3 |
| IV. | ARGUMENT | 4 |
|   | A. THERE WAS NO MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT TO WARRANT GRANTING THE INSTANT PETITION FOR RELIEF | 4 |
|   | B. DEFENDANT IS NOT REQUIRED TO ESTABLISH PREJUDICE IN ORDER FOR THIS PETITION TO BE DENIED, HOWEVER, IT IS CLEAR THE STATE WOULD BE PREJUDICED IF PLAINTIFF WAS ALLOWED TO PROCEED | 6 |
| CONCLUSION |   | 7 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Carroll v. Abbott Laboratories, Inc.*
    (1982) 32 Cal.3d 892 ............................................................. 5, 6

*City of San Jose v. Superior Court*
    (1974) 12 Cal.3d 447 ............................................................. 6

*Department of Water and Power v. Superior Court*
    (2000) 82 Cal.App.4th 1288 ............................................................. 4-7

*Ebersol v. Cowan*
    (1983) 35 Cal.3d 427 ............................................................. 3, 4

*Greene v. State of California*
    (1990) 222 Cal.App.3d 117 ............................................................. 5

*Hasty v. County of Los Angeles*
    (1976) 61 Cal.App.3d 623 ............................................................. 7

*Munoz v. State of California*
    (1995) 33 Cal.App.4th 1767 ............................................................. 3, 5

*Nilsson v. City of Los Angeles*
    (1967) 249 Cal.App.2d 976 ............................................................. 5

*People ex rel. Department of Transportation v. Superior Court*
    (2003) 105 Cal.App.4th 39 ............................................................. 4, 5

*Renteria v. Juvenile Justice, Department of Corrections and Rehabilitation*
    (2006) 135 Cal.App.4th 903 ............................................................. 6, 7

*Shank v. County of Los Angeles*
    (1983) 139 Cal.App.3d 152 ............................................................. 3-5

*Tackett v. City of Huntington Beach*
    (1994) 22 Cal.App.4th 60 ............................................................. 5

*Tammen v. County of San Diego*
    (1967) 66 Cal.2d 468 ............................................................. 4, 7

///

///

///

///

## TABLE OF AUTHORITIES  (continued)

**Page**

**Statutes**

| | Page |
|---|---|
| Code of Civil Procedure | |
| § 473 | 4 |
| Government Code | |
| § 946.6(c) | 3 |
| § 911.2 | 3 |
| § 911.4 | 3, 4 |
| § 945.4 | 3 |
| § 946.6 | 3, 4 |
| § 946.6(a)(b)(1)-(3) | 3 |
| § 946.6(c)(1) | 4 |
| § 946.6(c)(3) | 3 |

EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:    (415) 703-5382
 Facsimile:     (415) 703-5480
 Email:  Jennifer.Addams@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL CONNES, an individual,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**STATE OF CALIFORNIA-CALIFORNIA HIGHWAY PATROL; OFFICER T. CLARK, an individual; OFFICER S. ADDLEMAN, an individual,**<br><br>                              Defendants. | Case No. C 08-00663-~~PVT~~ RMW<br><br>**DEFENDANT STATE OF CALIFORNIA'S OPPOSITION TO PLAINTIFF PAUL CONNES' PETITION FOR RELIEF FROM GOVERNMENT TORT CLAIM REQUIREMENTS PURSUANT TO GOVERNMENT CODE SECTION § 946.6**<br><br>Date:   To be determined<br>Time:<br>Courtroom 6<br>The Honorable Ronald M. Whyte |

**I.**

**INTRODUCTION**

   Paul Connes seeks relief from his failure to timely file a government claim against the State of California as mandated by section 911.2 of the Government Code.  On or about January 27, 2007, Connes was pulled over by California Highway Patrol Officers.  Six months later, on July 23, 2007, Connes' attorney Leslie Holmes stated she mailed a claim to the wrong address. She also mailed it without the proper cover sheet, however, and it was returned to her office where it was "placed in the file."  In November 2007, <u>ten months</u> after the incident, Ms. Holmes

1  discovered the returned claim. On November 23, 2007, Connes' attorney filed an application for
2  leave to file a late claim with the State of California. This was preliminarily rejected by the State
3  on March 5, 2007.
4     Now, Connes seeks this Court's assistance to proceed against the State of California.
5  However, as a matter of law, this petition should be denied. A mistake, inadvertence or
6  excusable neglect may be found where plaintiff failed to place the correct address on the
7  envelope, but to fail to submit the proper papers also, as well as not assign the case to an
8  associate to monitor while plaintiff's attorney was on an extended holiday, goes far beyond a
9  mistake or even excusable neglect. This is inexcusable neglect of plaintiff's counsel who failed
10 to act with due diligence. As a result, the State will be prejudiced if plaintiff is allowed to
11 proceed without having to abide by the claim statute.

## II.

## STATEMENT OF FACTS

According to plaintiff, on January 28, 2007, Paul Connes was traveling on Highway 101 as part of his job for a courier service. He was pulled over by a "member of the CHP" and asked to perform field sobriety tests. He was taken to the Santa Clara County Hall of Justice. (Connes' Petition for Relief, pp. 2, 3, ¶ 1.)

Connes retained counsel Leslie Holmes. In "mid-July, 2007," (no exact date is given in the Declaration of Leslie Holmes ("Holmes Declaration")) Ms. Holmes prepared a claim. (Holmes Declaration, p. 6, ¶ 2.) On July 23, 2007, Ms. Holmes' office posted the Claim to the Victim Compensation and Government Claims Board, however, Ms. Holmes placed an incorrect address on the envelope. Because of the incorrect address, the Claim was received by the State on July 30, 2007, after the claim due date. (Holmes Declaration, p. 6, ¶ 2.) In addition, the Claim was submitted incorrectly–without the needed paperwork. (Holmes Declaration, p. 6, ¶ 2.) The defective, late Claim was returned to Ms. Holmes. (Holmes Declaration, p. 6, ¶ 3.)

Apparently, Ms. Holmes was on an extended vacation and there was no person overseeing her cases. Because of this, Ms. Holmes stated she did not discover the returned documents until

Opposition to Plaintiff's Petition For Relief                                    *Connes v. State of California, et al.*
                                                                                  C 08-00663-~~PVT~~ RMW

2

1  "mid-November, 2007," ten months after the incident allegedly giving rise to this action.

2  (Holmes Declaration, p. 6, ¶ 4.) She filed an application for Permission to Present a Late Claim

3  which was received by the Victim Compensation and Government Claims Board on

4  November 23, 2008. (Holmes Declaration, p. 6, ¶ 4.) This claim was ultimately denied, leading

5  to the at-issue petition for relief now Before this Court.

## III.

## STANDARD OF REVIEW

"The determination of the trial court in granting or denying a petition for relief under [Government Code] section 946.6 will not be disturbed on appeal except for an abuse of discretion. [Citation.][1] Abuse of discretion is shown where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief. [Citation.]" (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. omitted.)

> Any person seeking damages for personal injury from a public entity must present a claim "not later than six months after the accrual of the cause of action. (§§ 911.2; 945.4.) If the injured party fails to file a timely claim, a written application may be made to the public entity for leave to present a late claim, provided that the application is made within a reasonable time, not to exceed one year from the accrual of the cause of action. (§ 911.4) If the application is denied or deemed denied, the injured party may petition the superior court for relief from the claim requirements as a precondition to bringing suit. (§ 946.6, subds. (a)(b)(1)-(3).)

Section 946.6 provides in relevant part that the trial court *may grant* relief under if the injured party proves by a preponderance of the evidence that application for leave to present a late claim was made to the public entity within the time limits of section 911.4 *and* one of the four situations listed in subdivision (c) is applicable. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777, 1783; Gov. Code, § 946.6, subd. (c).) Relevant here, it is the plaintiff's burden to prove that his (or his counsel's) failure to timely file a tort claim was the result of "mistake, inadvertence, surprise, or excusable neglect." (§ 946.6, subd. (c)(3); *Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 156.)

---

1. All further references are to the Government Code unless otherwise indicated.

Opposition to Plaintiff's Petition For Relief                         *Connes v. State of California, et al.*
                                                                      C 08-00663-~~PVT~~ RMW

3

While "[s]ection 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary claimant" (*Ebersol*, *supra*, 35 Cal.3d at 435), it is not the purpose of these remedial statutes to grant relief from the requirement to present a timely government claim "which are the result of the inexcusable neglect of the parties or their attorneys in the performance of the latter's obligation to their clients." (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 478.) The trial court's discretion regarding a petition for relief pursuant to section 946.6 "must be exercised in conformity with the spirit of the law. Contrary to plaintiff's assertion, the general policy favoring trial on the merits <u>cannot be applied indiscriminately</u> so as to render ineffective the [relevant] time limits." (*People ex rel. Dept. Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 44, *quoting, Dept. of Water and Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293.)

## IV.

## ARGUMENT

### A. THERE WAS NO MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT TO WARRANT GRANTING THE INSTANT PETITION FOR RELIEF

Plaintiff Connes filed his application to present a late claim with the State of California on November 23, 2007, ten months after the accident which gave rise to his personal injury lawsuit. The State does not dispute that Connes met the time limits of section 911.4. The dispute instead involves whether Connes' petition has adequately demonstrated that he fell within subsection (c)(1) of section 946.6–and thus, warranting relief from the Tort Claims Act.

Pursuant to section 946.6, subd.(c)(1), relief from the claim filing requirements of the Government Code can be granted if "the failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect ..." (See also, *Shank v. County of Los Angeles, supra,* 139 Cal.App.3d at 156.) "The showing required of a petitioner seeking relief under section 946.6, subdivision (c)(1), is the same as required under the Code of Civil Procedure section 473 for relieving a party from a default judgment. [Citation]. In cases applying Code of Civil Procedure section 473, it is not every mistake that will excuse a default, the determining

factor being the reasonableness of the misconception. [Citation.]  This same principle applies to excusable neglect, which is '"that neglect which might have been the act of a reasonable person under the same circumstances. [Citation.]" (*Shank, supra*, 139 Cal.App.3d at 156-157; *Dept. of Water and Power, supra*, 82 Cal.App.4th at 1293.)  Excusable neglect "is not shown by the mere failure to discover a fact until it is too late; the party seeking relief must establish that *in the exercise of reasonable diligence*, he failed to discover it." (*People ex rel. Dept. Transportation v. Superior Court, supra*, 105 Cal.App.4th at 44, quoting *Munoz, supra,* 33 Cal.App.4th at 1783; *Greene v. State of California* (1990) 222 Cal.App.3d 117, 121.)  "The mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief.  Relief ... is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective 'reasonably prudent person' standard."  *(Dept. of Water and Power, supra,* 82 Cal.App.4th at 1293.)

It is plaintiff's attorney whose inexcusable mistake or neglect resulted in the failure to bring a timely claim against the State of California.  However, an attorney's inexcusable mistake or neglect <u>does not support relief from the claims requirement</u>, and furthermore, their neglect is imputed to the client.

The Supreme Court in *Carroll v. Abbott Laboratories, Inc.*, (1982) 32 Cal.3d 892,  set forth the standard that should guide the Court in the instant case.  As therein held:

> The policy that the law favors trying all cases and controversies upon their merits should not be prostituted to permit the slovenly practice of law or to relieve courts of the duty of scrutinizing carefully the affidavits or declarations filed in support of motions for relief to ascertain whether they set forth, with adequate particularity, grounds for relief.  [Fn. omitted.]  When inexcusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law.  (*Id*., at 899-900.)

The Court studies the cases in which neglect is excusable in *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 65.  "'Calendar errors by an attorney or a member of his staff are, under appropriate circumstances, excusable.'"  (Quoting *Nilsson v. City of Los Angeles* (1967) 249 Cal.App.2d 976, 980.)  Here, however, it was not just a calendar mistake, but a

Opposition to Plaintiff's Petition For Relief                                                *Connes v. State of California, et al.*
                                                                                                           C 08-00663 ~~PVT~~ RMW

5

1  multitude of inexcusable neglect and mistakes that were made. Plaintiff argues that because the
2  claim was sent to the incorrect address, it was late and this is a mistake that is excusable because
3  that neglect might have been the act of a reasonable person under the same circumstances.
4  Perhaps it would. However, plaintiff plays down the fact that the claim was rejected because it
5  was submitted incorrectly. Then, plaintiff's attorney was away for an extended period of time
6  without anyone monitoring her case. As such, the incorrectly submitted claim was returned and
7  "placed in the file." Courts have found that relief is proper when an attorney relies on a member
8  of his or her staff to perform certain tasks (*Renteria v. Juvenile Justice, Dept. of Corrections and*
9  *Rehabilitation* (2006) 135 Cal.App.4th 903, 911); however, this is not a case of an attorney
10 relying on a staff's calendaring system. This is not a case of one, simple "mistake," nor is it a
11 case where despite the use of reasonable diligence, plaintiff failed to discover a fact until too
12 late. It is a pair of mistakes followed by inexcusable neglect. As the court in *Carroll* stated, the
13 law that favors trying all cases and controversies upon their merits should not be prostituted.
14 This is a case where the usual "mistake, inadvertence or excusable neglect" does not apply.

**B.  DEFENDANT IS NOT REQUIRED TO ESTABLISH PREJUDICE IN ORDER FOR THIS PETITION TO BE DENIED, HOWEVER, IT IS CLEAR THE STATE WOULD BE PREJUDICED IF PLAINTIFF WAS ALLOWED TO PROCEED**

18  In support of the instant Petition, it is argued that, "An order permitting Connes to proceed
19 with his action against the CHP will not result in any prejudice to the state." (Plaintiff's Points
20 & Authorities, p. 3, ¶ 5.) Plaintiff claims that CHP "knew of its actions" and "made reports and
21 files relating to the arrest of Connes." (*Id.*, at p. 3, ¶ 5.)
22  Plaintiff has misapprehended the relevant law. "It is well settled that actual knowledge by
23 the public entity of the circumstances of a potential claim constitutes neither substantial
24 compliance by the claimant nor a basis for estoppel." (*Dept. of Water and Power, supra,* 82
25 Cal.App.4th at 1297, quoting, *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455.)
26 As further explained by the appellate court in the *Dept. of Water and Power*, "[t]he public entity
27 has no burden of establishing prejudice arising from the failure to file a timely claim until after

the party seeking relief has made a prima facie showing of entitlement to relief." (*Id*., at 1297; quoting *Tammen, supra,* 66 Cal.2d at 478; *Hasty v. County of Los Angeles* (1976) 61 Cal.App.3d 623, 627.)

Accordingly, as plaintiff has failed to make the requisite showing that he is entitled to relief, the State is not required to establish any prejudice arising from the inexcusable neglect of plaintiff and his counsel of record.

If plaintiff had made the requisite showing, the State is able to show it would be prejudiced by allowing his action to proceed. Nearly two years has passed since the incident for which plaintiff brings this action. The incident alleges damages from traffic violations. After two years, memories will have faded and facts will be lost. One of the main purposes behind the Tort Claims Statute is to "'...give the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available..." (*Renteria, supra,* 135 Cal.App.4th at 909.) By allowing plaintiff to continue against the CHP, the purpose of the Tort Claim Statute will be frustrated. Plaintiff's motion should be denied.

## **CONCLUSION**

Plaintiff has failed to make the requisite showing that his failure to timely file a government claim was the result of mistake, inadvertence, surprise or excusable neglect as mandated by section 946.6. Accordingly, defendant respectfully requests that this Court deny the instant petition.

Dated: September 5, 2008.                    Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


JENNIFER C. ADDAMS
Deputy Attorney General

Attorneys for Defendants

20137085.wpd
SF2008200502

Opposition to Plaintiff's Petition For Relief                    *Connes v. State of California, et al.*
                                                                  C 08-00663-P̶V̶T̶ RMW

7