E-Filed on   4/14/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL CONNES,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, DIVISION OF THE CALIFORNIA HIGHWAY PATROL, OFFICER T. CLARK, OFFICER S. ADDLEMAN,<br><br>         Defendants. | No. C-08-00663 RMW<br><br>ORDER GRANTING DEFENDANT CLARK AND ADDLEMAN'S MOTION FOR SUMMARY JUDGMENT<br><br>[Re Docket No. 17] |

Presently before court is the motion for summary judgment by defendants T. Clark and S. Addleman, Officers of the California Highway Patrol. The motion came on for hearing on April 10, 2009. Having considered the papers submitted by the parties and the arguments at oral argument in this matter, and for good cause appearing, defendants' motion for summary judgment is granted.

## I. BACKGROUND

Plaintiff Paul Connes is a courier whose route requires him to drive frequently on Highway 101. Defendant Clark and defendant Addleman are California Highway Patrol Officers. The following facts are undisputed:

### A.   The March 16, 2006 Incident

On March 16, 2006, a motorist called "911" to report that a van was weaving on the freeway. Officer Addleman responded to the call and personally observed plaintiff's van weaving within the lane and initiated a traffic stop. Addleman Decl. ¶¶3-4. She asked plaintiff whether he had

1  consumed drugs or alcohol that evening, and plaintiff denied doing so. Officer Addleman did not
2  notice the smell of alcohol on his breath, and was no longer concerned that plaintiff may have been
3  driving under the influence of drugs and/or alcohol. Id. ¶¶6-7. Officer Addleman recognized
4  plaintiff and recalled that she had previously pulled him over for weaving, however, and she was
5  concerned about his continued erratic driving. Id. ¶¶ 5, 7. Accordingly, Officer Addleman issued
6  plaintiff a "Priority Re-Exam Form" which required plaintiff to report to the Department of Motor
7  Vehicles and re-take his driving test. She then allowed plaintiff to continue on his way. Id., ¶7.
8  Officer Addleman had no further involvement with plaintiff.

### B.     The January 28, 2007 Incident

10   On January 28, 2007, a witness called "911" to report a van driving erratically on Highway
11  101. Clark Decl., ¶2. Officer Clark was on patrol and responded. Officer Clark personally
12  observed "that the driver was straddling the broke white lines between the #2 and #3 lanes with its
13  left side tires approximately 6 inches into the #2 lane." Id. ¶4. Officer Clark followed the van and
14  observed it "weaving across the entire #3 lane and touching the solid white line with its right side
15  tires on two occasions." Id. Officer Clark suspected that the driver was driving under the influence
16  of alcohol and/or a controlled substance, and initiated a traffic stop. Id.

17   When Officer Clark approached the van, he recognized the driver (plaintiff) whom Officer
18  Clark had stopped on two other occasions for weaving. Id. ¶5. While communicating with plaintiff,
19  Officer Clark observed that "his eyes were red and his speech was slow and angry." Id. at ¶5. In
20  response to questions, plaintiff denied ever having used drug or alcohol, but also seemed to have
21  difficulty remembering who his employer was. Id. at ¶¶8-9. Officer Clark was concerned for
22  plaintiff's safety and the safety of other drivers on the road and asked plaintiff to perform some field
23  sobriety tests. Id. at ¶ 9. When plaintiff stepped out of his car, Officer Clark observed that plaintiff
24  was unsteady on his feet and did not seem oriented. Id. at ¶9. Plaintiff failed to perform the field
25  sobriety tests as demonstrated or to follow the instructions as given. Officer Clark observed plaintiff
26  "nearly fall over while attempting to perform one of the tests." Id. Officer Clark took plaintiff's
27  pulse three times during the traffic stop, "and each time it was very elevated." Id. Based on Officer
28  Clark's training, he recognized these factors "as signs of intoxication" and he formed the opinion that

2

1  plaintiff was "under the influence of a controlled substance and unable to safely operate a motor
2  vehicle." Id.

3  Officer Clark contacted his supervisor, apprised him of his observations as well as plaintiff's
4  performance during the evaluation. The supervisor supported the decision to arrest plaintiff and
5  have him evaluated by a Drug Recognition Expert. Id. at ¶12. Officer Clark transported plaintiff to
6  a CHP where a Drug Recognition Expert evaluated plaintiff. Id. at ¶13. After having plaintiff
7  perform several tests, the Drug Recognition Expert concluded that plaintiff was under the influence
8  of a central nervous system stimulant. Id. Plaintiff elected to have a blood test taken, his blood was
9  drawn, and he was then transported to the Santa Clara County Jail where he was booked into
10 custody. Id. at ¶14.

### C. The Lawsuit

12 On January 28, 2008, plaintiff filed suit against the State of California - California Highway
13 Patrol, Officer Clark and Officer Addleman, for violation of his civil rights under 42 U.S.C. §1983,
14 for false arrest and false imprisonment, for negligent and intentional infliction of emotional distress,
15 and for injunctive relief seeking a finding of factual innocence under California Penal Code Section
16 851.8. The lawsuit focuses primarily on the January 28, 2007 stop and subsequent arrest, although it
17 does reference a prior stop by Officer Addleman. The claims against the State of California were
18 previously dismissed based on immunity under the Eleventh Amendment. Defendants Clark and
19 Addleman now move for summary judgment on all claims asserted against them.

## II. ANALYSIS

### A. Standard for Summary Judgment

22 Summary judgment is proper where the pleadings, discovery, and affidavits show that there
23 is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of
24 law. Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case and a
25 dispute as to a material fact is "genuine" only if there is sufficient evidence for a reasonable trier of
26 fact to decide in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
27 (1986). The moving party has the burden to demonstrate that no genuine issue of material fact exists
28 and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 321

3

1  (1986). Where a defendant moves for summary judgment on an issue upon which the plaintiff bears
2  the burden of proof at trial, the moving defendant may meet its burden by showing that there is an
3  absence of evidence to support the non-moving party's case, Celotex, 477 U.S. at 325, or by
4  submitting affirmative evidence that disproves an essential element of the plaintiff's claim. Adickes
5  v. S.H. Kresss & Co., 398 U.S. 144, 158-160 (1970).

6  After the moving party has met its burden under Rule 56(c), then the non-moving party has
7  the burden of coming forward with admissible evidence to show that a genuine issue of material fact
8  exists. Fed. R. Civ. P. 56(e)(2). If the non-moving party does not do so, then summary judgment is
9  appropriate. Id., Celotex, 477 U.S. at 322.

### B. Qualified Immunity: Section 1983 Claims

11  Defendants Clark and Addleman first seek summary judgment on the ground that they have
12  qualified immunity from plaintiff's claim for violation of his constitutional rights. "The doctrine of
13  qualified immunity protects government officials 'from liability for civil damages insofar as their
14  conduct does not violate clearly established statutory or constitutional rights of which a reasonable
15  person would have known.'" Pearson v. Callahan, ___U.S. ___, 129 S. Ct. 808, 815 (2009) (quoting,
16  Harlow v. Fitzgerald, 457 U.S. 800 (1982)). "Qualified immunity balances two important interests-
17  the need to hold public officials accountable when they exercise power irresponsibly and the need to
18  shield officials from harassment, distraction, and liability when they perform their duties reasonably.
19  The protection of qualified immunity applies regardless of whether the government official's error is
20  "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id.
21  citing Groh v. Ramirez, 540 U.S. 551, 567 (2004) (J. Kennedy, dissenting).

22  To determine whether a defendant is entitled to qualified immunity, the court must first
23  consider whether the facts, taken in a light most favorable to plaintiff, show that the officer's conduct
24  violated a constitutional right. Saucier v. Katz, 533 U.S.194, 201 (2001). If no right was violated,
25  then the inquiry ends and the officers have immunity from suit. On the other hand, if the facts
26  construed in a light most favorable to the plaintiff show that the officer's conduct did violate a
27  constitutional right, then a second step in the analysis is to determine whether the right the official is
28  alleged to have violated was clearly established such that it would be clear to a reasonable officer

that his or her conduct was unlawful in the situation confronted. Id. at 202.  In this case, under either prong of the analysis, defendants are entitled to qualified immunity.

Under the undisputed facts set forth above, even read most favorably towards plaintiff, neither Officer Addleman nor Officer Clark could be found to have violated plaintiff's constitutional rights.  Officer Addleman had probable cause to stop and detain plaintiff.  Based on the 911 call reporting erratic driving and her own observations of plaintiff weaving, she had probable cause to stop and detain plaintiff.  Similarly, Officer Clark had probable cause to stop and detain plaintiff, based on the 911 call and his own observations.  So too, Officer Clark had probable cause to detain plaintiff and transport him for further evaluation after observing his eyes, pulse, speech, and conduct in failing field sobriety tests.  Officer Clark checked with his supervisor, who concurred in his actions, transported plaintiff for further evaluation by a Drug Recognition Expert, who determined based on independent evaluation that plaintiff was under the influence of a central nervous system stimulant.  Looking at these facts under the second prong of the Saucier test, a reasonable officer in each of their positions could not conclude that the conduct was unlawful in the situations confronted.

Simply put, there was no constitutional violation, and therefore, both Officer Addleman and Officer Clark are immune from suit.  It is appropriate to grant summary judgment in their favor on plaintiff's claim for violation of his constitutional rights.

### C.  State Law Claims of False Arrest and False Imprisonment

Defendants Clark and Addleman also seek summary judgment on plaintiff's state law claims of false arrest and false imprisonment on the ground that both officers have state law immunity from these claims. Under California Penal Code Section 847(b)(1), there shall be no cause of action against any peace officer acting within the scope of his or her authority for false arrest or false imprisonment if the arrest was lawful or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful.  Based on the undisputed facts, recounted above, the detentions of plaintiff by defendants Clark and Addleman were lawful.  Under Penal Code §847(b)(1), the law enforcement officers have immunity.

### D. State Law Claims of Negligent and Intentional Infliction of Emotional Distress

Defendants Clark and Addleman also seek summary judgment on plaintiff's claims for the negligent and intentional infliction of emotional distress on the ground that California Government Code Section 821.6 provides them with immunity. Under Section 821.6 "a public employee is not liable for injury cased by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." This immunity extends to acts taken by police officers in the course of investigations. Amylou R. v. County of Riverside, 28 Cal.App.4th 1205, 1210 (1994) (citing case law).

Plaintiff does not address this issue in his opposition except to argue that Section 821.6 does not provide immunity from claims of false imprisonment or false arrest. Plaintiff offers no argument why Section 821.6 does not provide defendants Clark and Addleman with immunity from plaintiff's claims for the infliction of emotional distress.

Defendants Clark and Addleman are both public employees who were acting within the scope of their employment in the course of the incidents recounted above. Accordingly, they are immune from plaintiff's state tort claims and it is appropriate to grant summary judgment to them.

### E. Claim for Finding of Factual Innocence under California Penal Code §851.8

Finally, defendants Clark and Addleman seek summary judgment on plaintiff's fifth claim for relief, brought under California Penal Code Section 851.8, for an affirmative "finding of factual innocense to the charges alleged by Defendants" and an "order that all records of the arrest of Connes be destroyed." Defendants Clark and Addleman correctly note that they are not proper defendants to the claim seeking a finding of factual innocense and the expungement of arrest records. Defendants also argue that Section 851.8 requires plaintiff to proceed in state court, rather than federal court, and that plaintiff cannot proceed in federal court against the State of California or its agencies or officials because the Eleventh Amendment bars such a federal suit. Plaintiff does not address this argument or his fifth claim for relief in opposing the defendants' motion.

Accordingly, for good cause appearing, defendants Clark and Addleman are granted summary judgment on plaintiff's fifth claim for relief.

**III.  ORDER**

For the foregoing reasons, the court grants defendant Clark and defendant Addleman's motion for summary judgment.

DATED:     4/13/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Leslie Holmes lholmes@hoganlaw.com
Stephen J. Usoz susoz@hoganlaw.com

**Counsel for Defendants:**

Jennifer C. Addams jennifer.addams@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 4/14/09

TER
**Chambers of Judge Whyte**